Julie E. Van Wert, Esq. (SBN 166712)
jvanwert@londonfischer.com
David M. Berke, Esq. (SBN 228827)
dberke@londonfischer.com
**LONDON FISCHER LLP**
800 Wilshire Blvd., Suite 1550
Los Angeles, California 90017
Telephone: (213) 404-0240
Facsimile: (213) 404-0251

Attorneys for Plaintiff
MS AMLIN CORPORATE MEMBER, LTD, AS SOLE CORPORATE MEMBER OF SYNDICATE 2001

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS AMLIN CORPORATE MEMBER, LTD, AS SOLE CORPORATE MEMBER OF SYNDICATE 2001;<br><br>Plaintiff,<br><br>v.<br><br>AMID T. BAHADORI, LAW OFFICES OF AMID T. BAHADORI, BENJAMIN SCOTT, DANA SCOTT, FARZIN HASSANZADEH, GEORGE LLAUGER, ALI REZAEI, KIMYA REZAEI, and DOES 1 through 200,<br><br>Defendants. | Case No. 20-1505-CV-00888<br><br>**MS AMLIN CORPORATE MEMBER, LTD, AS SOLE CORPORATE MEMBER OF SYNDICATE 2001'S COMPLAINT FOR:**<br>(1) RESCISSION; or<br>(2) REFORMATION; or<br>(3) DECLARATORY RELIEF; AND<br>(4) REIMBURSEMENT OF DEFENSE FEES AND COSTS |

## NATURE OF CLAIMS

1. This is an action by MS Amlin Corporate Member Ltd. as sole corporate member of Syndicate 2001 ("MS Amlin") to rescind Lawyers

{C0011005.2}   1
London Fischer LLP
800 Wilshire Blvd., Suite 1550
Los Angeles, CA 90017
(213) 404-0240
COMPLAINT FOR RESCISSION, REFORMATION, DECLARATORY RELIEF, AND/OR REIMBURSEMENT

1. Professional Liability Policy No. SYN-110720 (the "Policy") issued to the Law Offices of Amid T. Bahadori ("Law Offices" or the "Insured") for the October 9, 2019 to October 9, 2020 Policy Period and for reimbursement of defense fees and costs paid to date. Attached hereto as Exhibit 1 is a true and correct copy of the Policy.

2. MS Amlin seeks to rescind the Policy on grounds that Amid T. Bahadori ("Mr. Bahadori"), on behalf of Law Offices, made material misrepresentations in the Insured's application for the Policy regarding various known, but undisclosed Claims and/or Potential Claims.

3. In the alternative, MS Amlin seeks reformation of the Policy and/or a declaration of its duties, rights, and obligations, if any, under the Policy with respect to the Claims and/or Potential Claims discussed herein. MS Amlin also seeks reimbursement of any defense fees and costs that it pays or has paid in connection with the Claims and/or Potential Claims that are at issue.

## JURISDICTION AND VENUE

4. MS Amlin is a foreign entity organized under the laws of England and Wales with its principal place of business located at The Leadenhall Building, 122 Leadenhall Street London, EC3V 4AG. MS Amlin is a citizen of the United Kingdom.

5. On information and belief, MS Amlin alleges that at all times herein, defendant Mr. Bahadori was and is a resident of the State of California, County of Orange. On information and belief, MS Amlin alleges that Mr. Bahadori is and was a practicing attorney at all relevant times herein.

6. On information and belief, MS Amlin alleges that at all times herein, defendant Law Offices was and is an unknown entity type with its principal place of business in the State of California and County of Orange. On information and belief, MS Amlin alleges that Mr. Bahadori was and is the owner of and was and is employed by Law Offices.

London Fischer LLP
800 Wilshire Blvd., Suite 1550
Los Angeles, CA 90017
(213) 404-0240

{C0011005.2}  2
COMPLAINT FOR RESCISSION, REFORMATION, DECLARATORY RELIEF, AND/OR REIMBURSEMENT

7. On information and belief, MS Amlin alleges that at all times herein, defendant Benjamin Scott ("Mr. Scott") was and is a resident of the State of California, County of Riverside or San Diego. Mr. Scott is pursuing claims against Mr. Bahadori and/or Law Offices, which have sought coverage under the Policy.

8. On information and belief, MS Amlin alleges that at all times herein, defendant Dana Scott ("Ms. Scott") was and is a resident of the State of California, County of Riverside or San Diego. Ms. Scott is pursuing claims against Mr. Bahadori and/or Law Offices, which have sought coverage under the Policy.

9. On information and belief, MS Amlin alleges that at all times herein, defendant Farzin Hassanzadeh ("Mr. Hassanzadeh") was and is a resident of the State of California, County of Los Angeles. Mr. Hassanzadeh is pursuing claims against Mr. Bahadori and/or Law Offices, which have sought coverage under the Policy.

10. On information and belief, MS Amlin alleges that at all times herein, defendant George Llauger ("Mr. Llauger") was and is a resident of the State of California, County of Orange. Mr. Llauger is pursuing claims against Mr. Bahadori and/or Law Offices, which have sought coverage under the Policy.

11. On information and belief, MS Amlin alleges that at all times herein, defendant Ali Rezaei ("Mr. Rezaei") was and is a resident of the State of California, County of Orange. Mr. Rezaei is pursuing claims against Mr. Bahadori and/or Law Offices, which have sought coverage under the Policy.

12. On information and belief, MS Amlin alleges that at all times herein, defendant Kimya Rezaei ("Ms. Rezaei") was and is a resident of the State of California, County of Orange. Ms. Rezaei is pursuing claims against Mr. Bahadori and/or Law Offices, which have sought coverage under the Policy.

13. The jurisdiction of this Court over the subject matter of this action is predicated on 28 USC § 1332. There is complete diversity of citizenship between MS Amlin and Defendants. The amount in controversy exceeds $75,000, exclusive

London Fischer LLP
800 Wilshire Blvd., Suite 1550
Los Angeles, CA 90017
(213) 404-0240

{C0011005.2}   3
COMPLAINT FOR RESCISSION, REFORMATION, DECLARATORY RELIEF, AND/OR REIMBURSEMENT

of interest and costs.  MS Amlin itself has over $75,000 at stake in connection with the claims at issue herein.

14. Venue is appropriate in the Central District of California because the dispute arose in this District, Law Offices resides in this District, and other identified defendants reside in this District.

15. An actual case and controversy of a justiciable nature exists between MS Amlin and Defendants regarding its duties, rights, and obligations, if any, under the Policy.  MS Amlin is, therefore, entitled to bring a declaratory judgment claim in this Court pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq.  All other Policy underwriters have agreed to be bound by the determination of the issues herein.

## THE APPLICATION AND POLICY

16. Law Offices applied for insurance pursuant to a September 20, 2019 "Professional Liability Insurance for Law Firms Renewal Application" (the "Application").  Attached as Exhibit 2 is a true and correct copy of the Application.

17. Question 9 of the Application asks:

> During the current policy year, have any claims or suits been made against the applicant, its predecessor firms or any of the lawyers proposed for this insurance and that have not been previously reported to this Company?  **If Yes, complete the Claim Information Supplement**.

18. MS Amlin is informed and believes and thereon alleges that Mr. Bahadori, on behalf of Law Offices, answered "Yes" to Question 9 of the Application.

19. Because he answered yes, Question 9 directed Mr. Bahadori to the **Claim Information Supplement**.

20. MS Amlin is informed and believes and thereon alleges that Mr. Bahadori filled out the **Claim Supplement** and the **Claim Information**

London Fischer LLP
800 Wilshire Blvd., Suite 1550
Los Angeles, CA 90017
(213) 404-0240

{C0011005.2}     4
COMPLAINT FOR RESCISSION, REFORMATION, DECLARATORY RELIEF, AND/OR REIMBURSEMENT

**Supplement** on behalf of Law Offices, disclosing only Claims and/or Potential Claims by: (1) James and Cheryl DeMarco, and (2) Evan and Melissa Kennedy.

21. Question 10 of the Application asks:

Is the applicant, its predecessor firms or any lawyer proposed for this insurance aware of any circumstance, act, error, omission or personal injury that could be the basis of a claim or suit that has not previously been reported to this Company?

22. MS Amlin is informed and believes and thereon alleges that Mr. Bahadori on behalf of Law Offices answered Question 10 of the Application in the negative.

23. MS Amlin and the other Policy underwriters, in reliance upon the Application, issued the Policy.

24. The Policy's Insuring Agreement, titled "**COVERAGE – PROFESSIONAL LIABILITY**," states:

The Underwriters will pay on behalf of the INSURED all sums in excess of the deductible and up to the applicable limits of liability that the INSURED becomes legally obligated to pay as DAMAGES, as well as CLAIMS EXPENSES as a result of any CLAIM first made against the INSURED during the POLICY PERIOD, and reported to the Underwriters in writing during the POLICY PERIOD by reason of any act, error, omission or PERSONAL INJURY arising out of PROFESSIONAL SERVICES rendered or that should have been rendered by the INSURED or by any person for whose negligent act, error, omission or PERSONAL INJURY the INSURED is legally liable, PROVIDED ALWAYS THAT such act, error, omission or PERSONAL INJURY occurs:

A. during the POLICY PERIOD; or
B. on or after to the RETROACTIVE DATE if any, and prior to the effective date of this policy.

25. The Policy's Retroactive Date is July 12, 2017.

26. The Policy defines PROFESSIONAL SERVICES as:

…legal and consulting services performed by any INSURED for others, for a fee, including but not limited to services rendered as an administrator, conservator, executor, fiduciary, guardian, receiver, trustee, Notary Public, member, director or officer of any bar

London Fischer LLP
800 Wilshire Blvd., Suite 1550
Los Angeles, CA 90017
(213) 404-0240

{C0011005.2}   5
COMPLAINT FOR RESCISSION, REFORMATION, DECLARATORY RELIEF, AND/OR REIMBURSEMENT

association, arbitrator or mediator. PROFESSIONAL SERVICES also include legal and consulting services performed on a pro bono basis.

27. The Policy's Exclusion B excludes any claim: "based upon or arising out of bodily injury, sickness, disease, death of any person, mental anguish or emotional distress, or damage to or destruction of any tangible property or loss of use thereof."

28. The Policy's Exclusion M excludes any claim: "based upon, arising out of, or attributable to any fact, circumstance or situation, which, prior to the inception date of the Policy, any INSURED knew or reasonably should have known might give rise to a CLAIM."

29. The Policy's CONDITIONS include that:

> The INSURED shall not, without prior written consent of the Underwriters, make any payment, admit liability, settle any CLAIM, assume any obligations, agree to mediation, arbitration or any similar means of resolution of any dispute, waive any rights or incur any CLAIMS EXPENSES on behalf of the Underwriters.

30. The Policy's Other Insurance clause states: "If there is other insurance applicable to a CLAIM covered by this policy, this policy shall be excess insurance over and above the applicable limits of liability of all such other insurance unless such other insurance is written only as specific excess insurance over the limits of liability provided in this policy."

31. The Policy's Limit of Liability and Deductible states, in relevant part:

> Two or more CLAIMs arising out of a single act, error, omission or PERSONAL INJURY or a series of a related acts, errors, omissions or more than one related PERSONAL INJURY shall constitute a single CLAIM was first made and reported on the date on which the earliest CLAIM was first made and reported to the Underwriters.

32. The Policy's Entire Agreement clause states:

> "By acceptance of this policy, the INSURED reaffirms as of the effective date of this policy that A. the statements in the application

attached hereto and made a part hereof are the INSURED's agreements and representations; B. this policy is issued in reliance upon the truth and accuracy of such representations; and C. this policy embodies all agreements between the INSURED and the Underwriters or any of their agents relating to this insurance."

## FACTUAL BACKGROUND
## SCOTT CLAIM

33. MS Amlin is informed and believes and thereon alleges that Mr. Scott and/or Ms. Scott (the "Scotts") retained Mr. Bahadori and/or Law Offices in 2015 in connection with a land foreclosure dispute with the County of Riverside.

34. MS Amlin is informed and believes and thereon alleges that the Scotts allege that Mr. Bahadori and/or Law Offices failed to file a timely claim or request relief to file a late claim on behalf of the Scotts.

35. MS Amlin is informed and believes and thereon alleges that Mr. Bahadori and/or Law Offices was aware of his/its failure to file a timely claim or request relief to file a late claim on behalf of the Scotts since well before executing the Application and issuance of the Policy.

36. On or around November 27, 2019, Mr. Bahadori, on behalf of Law Offices, executed a Declaration and provided the Declaration to the Scotts stating, in pertinent part: "I admit to the oversight in not taking note of the statute of limitations for complying with the administrative process and consequently compromising Dana Scott's claim." A true and correct copy of this Declaration is attached as Exhibit 3.

37. Counsel for the Scotts prepared correspondence to MS Amlin's counsel stating that:

> Mr. Bahadori failed to file any legal action on behalf of this clients. Instead of acknowledging his mistake, Mr. Bahadori for over four years mislead his clients as to the status of the case. He informed them that a settlement was reached in the case, but the County was appealing the settlement. His negligent conduct continued until the clients contacted

London Fischer LLP
800 Wilshire Blvd., Suite 1550
Los Angeles, CA 90017
(213) 404-0240

{C0011005.2}  7
COMPLAINT FOR RESCISSION, REFORMATION, DECLARATORY RELIEF, AND/OR REIMBURSEMENT

this office to inquire as to the status of the ease. After our investigation revealed that their [sic] was no ongoing litigation, Mr. Bahadori finally acknowledged his error to his clients in a signed declaration.

A true and correct copy of this correspondence is attached as Exhibit 4 (the "Scott Claim"). This correspondence stated that the Scotts intended to make a Policy limits demand.

38. On April 28, 2020, MS Amlin timely provided its reservation of rights to Mr. Bahadori and/or Law Offices reserving all rights as to the Scott Claim and agreed to the retention of defense counsel subject to that reservation of rights, including, but not limited to the right to seek reimbursement for Claims Expenses if it is determined that coverage is not available for the Insured. A true and correct copy of the April 28, 2020 reservation of rights is attached as Exhibit 5.

## HASSANZADEH CLAIM

39. MS Amlin is informed and believes and thereon alleges that Mr. Bahadori and/or Law Offices represented Mr. Hassanzadeh in connection with alleged claims against Nationstar Mortgage, LLC.

40. MS Amlin is informed and believes and thereon alleges that Mr. Bahadori's and/or Law Offices' representation included the March 5, 2018 filing of a lawsuit entitled *Farzin Hassanzadeh v. Nationstar Mortgage, LLC*, Los Angeles County Superior Court Case No. BC697103 (the "Hassanzadeh Action").

41. MS Amlin is informed and believes and thereon alleges that the Hassanzadeh Action was dismissed for failure to prosecute on December 19, 2018. A true and correct copy of the docket from the Hassanzadeh Action so evidencing, is attached as Exhibit 6.

/ / /
/ / /
/ / /
/ / /

{C0011005.2 }    8
London Fischer LLP
800 Wilshire Blvd., Suite 1550
Los Angeles, CA 90017
(213) 404-0240
COMPLAINT FOR RESCISSION, REFORMATION, DECLARATORY RELIEF, AND/OR REIMBURSEMENT

42. MS Amlin is informed and believes and thereon alleges that on March 6, 2020, counsel for Mr. Hassanzadeh sent correspondence to Mr. Bahadori, on behalf of Law Offices, which stated, among other things:

> Rather than informing Mr. Hassanzadeh that your negligence in failing to serve the complaint or to attend required court hearings lead to the dismissal of the complaint, you falsely reported to him that the case was ongoing, that everything was fine, and that you were engaged in settlement discussions with Nationstar. In fact, your deception included reporting to Mr. Hassanzadeh in September or October of 2019 that you had in fact reached a settlement with Nationstar on his behalf for $400,000…

A true and correct copy of this correspondence is attached as Exhibit 7 (the "Hassanzadeh Claim"). That correspondence further allegedly included part of a February 7, 2020 email Mr. Bahadori, on behalf of Law Offices, allegedly sent Mr. Hassanzadeh, stating, among other things:

> …The truth of the matter is that the case was dismissed by the judge some time ago, largely due to my own oversight, and we did not ever reach a settlement. I have been trying to think of ways of how to fix … such as re-filing the case but I have not done so yet... I will provide you with my malpractice insurance information and advise them of the potential claim so that you can try to collect against the policy. I will not contest the claim as I believe you are entitled to compensation.

43. The correspondence further demanded the Policy's limits and gave MS Amlin 30 days to respond. Mr. Bahadori, on behalf of Law Offices, did not provide the demand to MS Amlin until May 4, 2020, almost 60 days after Mr. Hassanzadeh's deadline.

44. On June 12, 2020, MS Amlin timely provided its reservation of rights to Mr. Bahadori and/or Law Offices reserving all rights as to the Hassanzadeh Claim. A true and correct copy of the June 12, 2020 reservation of rights is attached as Exhibit 8.

/ / /

London Fischer LLP
800 Wilshire Blvd., Suite 1550
Los Angeles, CA 90017
(213) 404-0240

{C0011005.2}   9
COMPLAINT FOR RESCISSION, REFORMATION, DECLARATORY RELIEF, AND/OR REIMBURSEMENT

45. In its June 12, 2020 reservation of rights letter, MS Amlin outlined various significant coverage issues and requested that Law Offices provide a response thereto by July 3, 2020, after which time MS Amlin advised that it may deny coverage in the absence of a compelling response. As of the date of this complaint, Law Offices had not substantively responded to this letter.

46. Via letter dated July 31, 2020, MS Amlin agreed to provide Law Offices with a defense for the Hassanzadeh Claim subject to the previously issued reservation of rights. A true and correct copy of the July 31, 2020 letter is attached as Exhibit 9.

## LLAUGER CLAIM

47. MS Amlin is informed and believes and thereon alleges that Mr. Llauger retained Mr. Bahadori and/or Law Offices on or around May 10, 2016 to represent him with respect to a medical malpractice claim against Mission Viejo Hospital.

48. On or about May 11, 2020, counsel for Mr. Llauger contacted Mr. Bahadori and stated that, among other things:

> It was not until April 15, 2020 that Mr. Llauger was informed by Mr. Bahadori that Mr. Bahadori missed the filing date for the medical malpractice case. Mr. Bahadori delayed informing Mr. Llauger, and performed acts that was an effort to conceal Mr. Bahadori's legal malpractice acts.

A true and correct copy of that correspondence is attached as Exhibit 10 (the "Llauger Claim"). This correspondence also made a policy limits demand that expired within 10 days.

49. Exhibit 10 was not shared with MS Amlin until May 26, 2020, after the demand expired.

50. Mr. Bahadori has informed MS Amlin that he became aware that the statute of limitations had expired somewhere between late 2017 and early 2018, more than a year before filling out the Application. Attached hereto as Exhibit 11

London Fischer LLP
800 Wilshire Blvd., Suite 1550
Los Angeles, CA 90017
(213) 404-0240

{C0011005.2 }   10

COMPLAINT FOR RESCISSION, REFORMATION, DECLARATORY RELIEF, AND/OR REIMBURSEMENT

is a true and correct copy of the June 9, 2020 email from Mr. Bahadori stating, among other things, that "I did not realize there was a SOL of one year that we had passed until late 2017/early 2018."

51. On July 2, 2020, MS Amlin timely provided its reservation of rights to Mr. Bahadori reserving all rights as to the Llauger Claim. A true and correct copy of this reservation of rights is attached as Exhibit 12.

52. In its July 2, 2020 reservation of rights letter, MS Amlin outlined various significant coverage issues and requested that Law Offices provide a response thereto by July 23, 2020, after which time MS Amlin advised that it may deny coverage in the absence of a compelling response. As of the date of this complaint, Law Offices had not substantively responded to this letter.

53. Via letter dated July 31, 2020, MS Amlin agreed to provide Law Offices with a defense for the Llauger Claim subject to the previously issued reservation of rights. A true and correct copy of this letter is attached as Exhibit 9.

54. On August 12, 2020, Underwriters' counsel first received a copy of the complaint that has been filed in the Orange County, California Superior Court against Mr. Bahadori and others (case no. 30-2020-01149979-CU-PN-CJC). A true and correct copy of this complaint is attached as Exhibit 13.

## REZAEI CLAIMS

55. MS Amlin is informed and believes and thereon alleges that Mr. Bahadori and/or Law Offices represented Mr. Rezaei and/or Ms. Rezaei in two unrelated matters: (1) an assault, battery, and false imprisonment claim against Fletcher Jones Motor Cars, and (2) a loan modification action against Nationstar Mortgage, LLC.

56. MS Amlin is informed and believes that on or around May 26, 2020, Mr. Bahadori, on behalf of Law Offices, submitted both of these matters for coverage consideration as Potential Claims pursuant to the Policy.

/ / /

London Fischer LLP
800 Wilshire Blvd., Suite 1550
Los Angeles, CA 90017
(213) 404-0240

{C0011005.2}    11
COMPLAINT FOR RESCISSION, REFORMATION, DECLARATORY RELIEF, AND/OR REIMBURSEMENT

### *REZAEI / FLETCHER JONES MOTOR CARS CLAIM*

57. MS Amlin is informed and believes and thereon alleges that Mr. Rezaei and/or Ms. Rezaei contend that a salesperson at Fletcher Jones Motor Cars assaulted Mr. Rezaei on or about May 29, 2014.

58. MS Amlin is informed and believes and thereon alleges that Mr. Bahadori and/or Law Offices filed an action in Orange County Superior Court in or about 2015 regarding the Fletcher Jones matter.

59. MS Amlin is informed and believes and thereon alleges that, after a motion to compel discovery having admissions deemed admitted was granted against Mr. Rezaei and/or Ms. Rezaei in the Fletcher Jones matter, Mr. Bahadori and/or Law Offices dismissed the case and re-filed it in 2016 as Case No. 30-2016-00855214-CU-PO-CJC. A true and correct copy of a June 2, 2020 email from Mr. Bahadori so stating is attached as Exhibit 14.

60. Mr. Bahadori's June 2, 2020 email also states: "The new case proceeds but due to discovery issues in the prior case, we are unable to meaningfully proceed. The case is eventually dismissed in 2018, however … I did not inform the client about the dismissal until about May 18, 2020." Exhibit 14.

61. MS Amlin timely issued its reservation of rights regarding the Fletcher Jones matter on June 17, 2020. A true and correct copy of this document is attached as Exhibit 15.

62. In its June 17, 2020 reservation of rights letter, MS Amlin outlined various significant coverage issues and requested that Law Offices provide a response thereto by July 8, 2020, after which time MS Amlin advised that it may deny coverage in the absence of a compelling response. As of the date of this complaint, Law Offices had not substantively responded to this letter.

63. By way of letter from counsel dated June 22, 2020, Mr. Rezaei and/or Ms. Rezaei made a policy limits demand due to Mr. Bahadori's and/or Law Offices'

{C0011005.2} 12
COMPLAINT FOR RESCISSION, REFORMATION, DECLARATORY RELIEF, AND/OR REIMBURSEMENT

London Fischer LLP
800 Wilshire Blvd., Suite 1550
Los Angeles, CA 90017
(213) 404-0240

alleged professional negligence. A true and correct copy of this letter is attached hereto as Exhibit 16 (the "Rezaei/Fletcher Jones Claim").

64. Via letter dated July 31, 2020, MS Amlin agreed to provide Law Offices with a defense for the Fletcher Jones Claim subject to the previously issued reservation of rights. A true and correct copy of this letter is attached as Exhibit 9.

*REZAEI / NATIONSTAR MORTGAGE CLAIM*

65. MS Amlin is informed and believes and thereon alleges that Mr. Bahadori filed an action in Orange County Superior Court titled *Rezaei v. Nationstar Mortgage LLC, et al.*, Orange County Superior Court Case No. 30-2018-01015577-CU-OR-CJC arising out of Nationstar's alleged refusal to modify a mortgage. A true and correct copy of the docket from the Nationstar litigation is attached as Exhibit 17.

66. MS Amlin is informed and believes and thereon alleges that when Nationstar filed for summary judgment in that action, Mr. Bahadori and/or Law Offices did not file opposition. A true and correct copy of Mr. Bahadori's June 1, 2020 email so stating is attached as Exhibit 18.

67. MS Amlin is informed and believes and thereon alleges that summary judgment was granted to Nationstar, which Mr. Bahadori described as effectively ending the Nationstar Action. Exhibit 18.

68. On or around July 10, 2020, MS Amlin timely issued a reservation of rights letter to Law Offices accepting notice of the Nationstar matter as a Potential Claim pursuant to the Policy. A true and correct copy of this reservation of rights is attached as Exhibit 19.

## FIRST CLAIM FOR RELIEF

**(Rescission under California State Law)**

69. MS Amlin incorporates by reference as though fully set forth herein the allegations of Paragraphs 1-56, inclusive.

///

London Fischer LLP
800 Wilshire Blvd., Suite 1550
Los Angeles, CA 90017
(213) 404-0240

{C0011005.2}   13
COMPLAINT FOR RESCISSION, REFORMATION, DECLARATORY RELIEF, AND/OR REIMBURSEMENT

70. As set forth above, Law Offices' Application made misrepresentations of material facts regarding the risk undertaken by MS Amlin and the other underwriters in issuing the Policy.

71. In reliance upon those material misrepresentations, MS Amlin and the other underwriters issued the Policy.

72. Had those misrepresentations of material fact not been made, MS Amlin and the other underwriters would not have issued the Policy on the same terms and conditions.

73. Had those misrepresentations of material fact not been made, MS Amlin and the other underwriters would have charged Law Offices a substantially higher premium for the Policy.

74. Had those misrepresentations of material fact not been made, MS Amlin and the other underwriters would have issued the Policy, if at all, with a substantially lower limit.

75. Mr. Bahadori, on behalf of Law Offices, was aware of the material misrepresentations when he filled out and executed the Application.

## SECOND CLAIM FOR RELIEF

### (Reformation under California State Law)

76. MS Amlin incorporates by reference as though fully set forth herein the allegations of Paragraphs 1 through 65, inclusive.

77. As set forth above, Law Offices' Application made misrepresentations of material facts regarding the risk undertaken by MS Amlin and the other underwriters in issuing the Policy.

78. MS Amlin and the other underwriters had no reason to believe the material misrepresentations were not true.

79. In reliance upon those material misrepresentations, MS Amlin and the other underwriters issued the Policy.

/ / /

London Fischer LLP
800 Wilshire Blvd., Suite 1550
Los Angeles, CA 90017
(213) 404-0240

{C0011005.2} 14

COMPLAINT FOR RESCISSION, REFORMATION, DECLARATORY RELIEF, AND/OR REIMBURSEMENT

80. Had those misrepresentations of material fact not been made, MS Amlin and the other underwriters would not have issued the Policy. If the Policy was issued, it would have had limits of $100,000 per Claim and $100,000 in the aggregate, with a substantial increase to the premium and deductible.

81. Because the misrepresentations of fact were material to the risk for which the insurance is sought, to the extent the First Claim for Relief is denied, MS Amlin is entitled to reformation of the Policy to specify Limits of Liability of $100,000 per Claim and $100,000 in the aggregate, with a substantial increase to the premium and deductible.

## THIRD CLAIM FOR RELIEF

### (Declaratory Relief)

82. MS Amlin incorporates by reference as though fully set forth herein the allegations of Paragraphs 1 through 69, inclusive.

83. MS Amlin contends that there is no duty to defend or indemnify any of the claims identified above under the Policy pursuant to its terms, conditions, and/or exclusions, including, but not limited to those set forth above.

84. MS Amlin specifically contends that there is no duty to defend or indemnify the Claims and/or Potential Claims identified above because the Policy should be deemed void *ab initio* due to, *inter alia*, acts occurring before the Policy's Retroactive Date of July 12, 2017, due to Exclusion B, due Exclusion M, due to the failure to disclose known Claims and/or Potential Claims on the Application as set forth above, and/or due to Mr. Bahadori's admissions, on behalf of Law Offices, of liability, if any, without MS Amlin's and the other Policy underwriters' written consent, in violation of the Conditions to the Policy set forth above.

85. MS Amlin further contends that there is no duty to defend or indemnify the Claims to the extent that one or more of the Claims were not first made during the Policy.

86. An actual controversy exists between MS Amlin and Law Offices.

London Fischer LLP
800 Wilshire Blvd., Suite 1550
Los Angeles, CA 90017
(213) 404-0240

{C0011005.2}                             15
COMPLAINT FOR RESCISSION, REFORMATION, DECLARATORY RELIEF, AND/OR REIMBURSEMENT

87. A judicial determination of this controversy is necessary and appropriate for the parties to ascertain their rights, duties and obligations.

## FOURTH CLAIM FOR RELIEF

### (Reimbursement)

88. MS Amlin incorporates by reference as though fully set forth herein the allegations of Paragraphs 1 through 75, inclusive.

89. MS Amlin and the other Policy underwriters agreed to defend Law Offices under a full reservation of rights in connection with the Scott Claim, the Hassanzadeh Claim, the Llauger Claim, and the Rezaei/Fletcher Jones Claim, including a reservation of their right to seek reimbursement of all defense costs and fees expended in defense of the Claims identified above.

90. Mr. Bahadori and/or Law Offices are represented by counsel with respect to certain Claims. MS Amlin and the other Policy underwriters agreed to pay and have paid or will pay this counsel for time expended in connection with their defense pursuant to the various reservation of rights.

91. As set forth above, the Policy should be rescinded and/or reformed and/or it should be declared that the Policy does not provide coverage for the various Claims and/or Potential Claims outlined herein. Accordingly, MS Amlin is entitled to the reimbursement of all defense costs and fees expended in connection with the Claims and/or Potential Claims.

## PRAYER FOR RELIEF

WHEREFORE, MS Amlin respectfully prays for judgment against Defendants as follows:

**As to the First Claim for Rescission**:

1. That the Policy be rescinded in accordance with California law so that the parties are restored to their original position;

/ / /

/ / /

London Fischer LLP
800 Wilshire Blvd., Suite 1550
Los Angeles, CA 90017
(213) 404-0240

{C0011005.2}                                      16
COMPLAINT FOR RESCISSION, REFORMATION, DECLARATORY RELIEF, AND/OR REIMBURSEMENT

**As to the Second Claim for Reformation**:

2.    In the alternative, that the court declare that the Policy is reformed to contain Limits of Liability of $100,000 per Claim and $100,000 in the aggregate;

**As to the Third Claim for Declaratory Relief**:

3.    For a declaration and determination that there is no duty to defend or indemnify the Claims and/or Potential Claims identified above pursuant to the Policy issued by MS Amlin and the other Policy underwriters;

**As to the Fourth Claim for Reimbursement**:

4.    Reimbursement of all defense costs and fees incurred by MS Amlin in the defense of the Claims and/or Potential Claims identified above;

**As to all Claims:**

5.    For an award of costs; and

6.    For all other relief the Court deems just and proper.

Dated: August 13, 2020        **LONDON FISCHER LLP**

By: _____
Julie E. Van Wert
David M. Berke
Attorneys for Plaintiff
MS AMLIN CORPORATE MEMBER, LTD, AS SOLE CORPORATE MEMBER OF SYNDICATE 2001

London Fischer LLP
800 Wilshire Blvd., Suite 1550
Los Angeles, CA 90017
(213) 404-0240

{C0011005.2}    17

COMPLAINT FOR RESCISSION, REFORMATION, DECLARATORY RELIEF, AND/OR REIMBURSEMENT